UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN AZOR-EL,

                                Plaintiff,

                -v.-

NEW YORK CITY DEPARTMENT OF
CORRECTION; KISA SMALLS, WARDEN,
NORTH INFIRMARY COMMAND, NEW
YORK CITY DEPARTMENT OF
CORRECTION; CITY OF NEW YORK; NEW
YORK STATE DIVISION OF PAROLE,

                                Defendants.

20 Civ. 3650 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, District Judge:

Plaintiff, currently incarcerated in the North Infirmary Command (NIC)

on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983 alleging that

Defendants violated his constitutional rights.  By Order dated May 28, 2020,

the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP).[1]

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen

complaints brought by prisoners who seek relief against a governmental entity

or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).

The Court must dismiss a prisoner's IFP complaint, or any portion of the

complaint, that is frivolous or malicious, fails to state a claim upon which relief

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the court must accept all well-pleaded factual allegations as true.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations,

the court must determine whether those facts make it plausible — not merely

possible — that the pleader is entitled to relief.  *Id.*

## DISCUSSION

### A.      Department of Correction

Plaintiff's claims against the New York City Department of Correction

must be dismissed because an agency of the City of New York is not an entity

that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be

brought in the name of the city of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478

F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F.

Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from

suing a municipal agency.").

### B.      New York State Division of Parole

Plaintiff's claims against the New York State Division of Parole must also

be dismissed.  "[A]s a general rule, state governments may not be sued in

federal court unless they have waived their Eleventh Amendment immunity, or

unless Congress has abrogated the states' Eleventh Amendment immunity . . .

."  *Gollomp* v. *Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). " The immunity

recognized by the Eleventh Amendment extends beyond the states themselves

to state agents and state instrumentalities that are, effectively, arms of a state."

*Id.*  New York has not waived its Eleventh Amendment immunity to suit in

federal court, and Congress did not abrogate the states' immunity in enacting

42 U.S.C. § 1983.  *See Trotman* v. *Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

**C.    Rule 21 of the Federal Rules of Civil Procedure**

Plaintiff asserts that in early March 2020, the NIC Respiratory Therapist confiscated his C-PAP machine and provided him with no alternative treatment in absence of his C-PAP machine.  The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add "Jane/John Doe, NIC Respiratory Therapist" as a Defendant. This amendment is without prejudice to any defenses that this Defendant may wish to assert.

**D.    Defendants City of New York and Warden Kisa Smalls**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the City of New York and Warden Kisa Smalls waive service of summons.

**E.    Jane/John Doe Defendant**

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify the Jane/John Doe NIC Respiratory Therapist who confiscated Plaintiff's C-PAP machine in early March 2020.  It is

therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity of Jane/John Doe NIC Respiratory Therapist whom Plaintiff seeks to sue here and the address where this Defendant may be served.  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Jane/John Doe Defendant.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order requesting that this Defendant waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Department of Correction and the New York State Division of Parole. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to add "Jane/John Doe, NIC Respiratory Therapist" under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this

Order. The Court requests that Defendants City of New York and Warden Kisa Smalls, waive service of summons.

The Clerk of the Court is directed to mail a copy of this Order and the complaint to the New York City Law Department at 100 Church Street New York, New York 10007.

An "Amended Complaint" form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 9, 2020
      New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore _not_ contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include _only_: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                         Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 2:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 3:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

Defendant 4:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                 Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____