UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN AZOR-EL, ANTHONY BROWN, JAMES CARTER, DAKWAN FENNELL, RAMÓN GOMEZ, ANTONIO GRAHAM, ANTHONY MEDINA, LANCE KELLY,<br><br>Plaintiffs,<br><br>-v.-<br><br>KISA SMALLS, WARDEN, NORTH INFIRMARY COMMAND, NEW YORK CITY DEPARTMENT OF CORRECTION; CITY OF NEW YORK; and JANE/JOHN DOE, NORTH INFIRMARY COMMAND RESPIRATORY THERAPIST,<br><br>Defendants. | 20 Civ. 3650 (KPF)<br>20 Civ. 3979 (KPF)<br>20 Civ. 3980 (KPF)<br>20 Civ. 3982 (KPF)<br>20 Civ. 3983 (KPF)<br>20 Civ. 3984 (KPF)<br>20 Civ. 3985 (KPF)<br>20 Civ. 3990 (KPF)<br><br>ORDER CONSOLIDATING CASES AND GRANTING REQUEST FOR *PRO BONO* COUNSEL |

KATHERINE POLK FAILLA, District Judge:

Plaintiffs Jean Azor-El, Anthony Medina, James Carter, Dakwan Fennell, Lance Kelly, Ramon Gomez, Antonio Graham, and Anthony Brown jointly signed and filed their *pro se* complaint under 42 U.S.C. § 1983.[1] Plaintiffs also jointly filed a motion for the appointment of counsel.

Plaintiffs purported to bring this action as a class action. By Order dated May 18, 2020, the Court outlined the reasons why the case could not proceed as a class action, severed the claims, and directed the Clerk of Court to open new actions for each plaintiff. These actions are now pending before the Court.

---

[1] Because Maurice Barnar and Ronnie Cole failed to submit requests to proceed *in forma pauperis* (IFP) as well as their prisoner authorization forms, the Court has ordered them to submit those forms before their cases can proceed. *See Barnar* v. *New York City Dep't of Corr.*, No. 20 Civ. 3978 (KPF) (S.D.N.Y. May 27, 2020); *Cole* v. *New York City Dep't of Corr.*, No. 20 Civ. 3981 (KPF) (S.D.N.Y. May 27, 2020).

**BACKGROUND**

Plaintiffs filed requests to proceed IFP, which the Court granted. Plaintiffs requested counsel at the time of filing the initial Complaint. (*See* No. 20 Civ. 3650 (KPF), Dkt. #5). Plaintiffs are all detained in the North Infirmary Command (NIC) on Rikers Island and qualify as indigent.

In the Complaint, Plaintiffs assert claims under 42 U.S.C. § 1983, alleging that Defendants violated their constitutional rights. Plaintiffs, all of whom suffer from preexisting medical conditions, bring this complaint in light of the current dangers posed by the COVID-19 virus. They allege that: (i) their health and current confinement conditions put them at an elevated risk for acquiring COVID-19 and dying as a result of their preexisting conditions; and (ii) Defendants are not taking sufficient health and safety measures to protect Plaintiffs from the COVID-19 virus. For example, Plaintiffs allege the following: (i) the NIC has lacked sufficient medical, mental health, and security personnel since March 2020; (ii) Defendants have refused to disseminate gloves, masks, hand sanitizer, or disinfectant to Plaintiffs or other detainees despite the risk to their health posed by the COVID-19 virus; and (iii) Defendants have required employees who have tested positive for COVID-19 to return to work even while they remain symptomatic (and, also importantly, before any test had verified that they were no longer ill).

Plaintiffs also claim that they will be denied a fair and meaningful opportunity to present a defense because their state-court criminal cases are being held in abeyance due to COVID-19. They also allege that Defendants

2

punish detainees who receive infractions by denying them full commissary purchases before Defendants have served said detainees with a misbehavior report or held a disciplinary proceeding.

## DISCUSSON

### A. CONSOLIDATION

Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate one civil action with another civil action pending in the same court if both actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). When actions are consolidated, they are "join[ed] together ... without ... los[ing] their independent character." *Hall* v. *Hall*, 138 S. Ct. 1118, 1124-25 (2018). "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Miller* v. *USPS*, 729 F.2d 1033, 1036 (2d Cir. 1984).

"A district court can consolidate related cases under [Rule 42(a)] *sua sponte*." *Devlin* v. *Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). And "[i]n assessing whether consolidation is appropriate ... a district court should consider both equity and judicial economy." *Id.* But "efficiency cannot be permitted to prevail at the expense of justice — consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice.*'" *Id.* (citation omitted, emphasis in original).

Because these actions involve common issues of law and fact as well as the same Defendants, both equity and judicial economy support the consolidation of these cases. The Clerk of Court is therefore directed to consolidate these cases.

**B.     REQUEST FOR *PRO BONO* COUNSEL**

The IFP statute provides that a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first

demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP.  The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously."  *Id.* at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

The Court finds that Plaintiffs' claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-62.  The Court also finds that the other *Hodge* factors weigh in favor of granting Plaintiffs' applications.  Plaintiffs have a limited ability to investigate and present their cases.  Due to the COVID-19 pandemic, the law library on Rikers Island is closed, which hinders Plaintiffs' ability to research the complex legal issues at stake and, thus, properly present their cases.  Additionally, Plaintiffs have relied on Plaintiff Anthony Medina, who is legally blind, to assist them with their claims because he is the only Plaintiff

5

with any legal training. At the time of the filing of the Complaint, however, Plaintiff Medina was without proper devices to allow him to see, which limits his ability to assist the other Plaintiffs with their cases as well as handle his own case. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to consolidate these cases, and Plaintiffs' motion for the appointment of counsel is granted.[2] The Court advises Plaintiffs that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiffs. If an attorney volunteers, the attorney will contact Plaintiffs directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiffs should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] If Plaintiffs Maurice Barnar and Ronnie Cole comply with the Court's May 27, 2020 order, this Court will then look to join their cases in this consolidation.

6

SO ORDERED.

Dated: June 15, 2020
       New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       United States District Judge

*Sent by First Class Mail to:*

1. Jean Azor-El
   NYSID: 07315251M
   B&C No. 4411905123
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

2. Anthony Medina
   NYSID: 07982100K
   B&C No. 2412000049
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

3. James Carter
   NYSID: 05940325H
   B&C No. 1001900347
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

4. Dakwan Fennell
   NYSID: 07934806P
   B&C No. 4411904639
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

5. Lance Kelly
   NYSID: 05707030Q
   B&C No. 3491808075
   Robert N. Davoren Center
   11-11 Hazen Street
   East Elmhurst, New York 11370

6. Ramon Gomez
   NYSID: 13923555R
   B&C No. 3492000441
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

7. Antonio Graham
   NYSID: 05337571Z
   B&C No. 1411905134
   North Infirmary Command
   15-00 Hazen Street
   East Elmhurst, New York 11370

8. Anthony Brown
   NYSID: 09090584Q
   B&C No. 3492000266
   North Infirmary Command
   150-00 Hazen Street
   East Elmhurst, New York 11370