UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| JEAN AZOR-EL, ANTHONY MEDINA, RAMON GOMEZ, RONNIE COLE, DAKWAN FENNELL, JAMES CARTER, MAURICE BARNAR, and LANCE KELLY, individually and on behalf of all others similarly-situated, | Case No. 1:20-cv-03650-KPF [lead]<br><br>And Related Consolidated Cases:<br>1:20-cv-03978-KPF<br>1:20-cv-03980-KPF<br>1:20-cv-03981-KPF<br>1:20-cv-03982-KPF |
| Plaintiffs, | 1:20-cv-03983-KPF<br>1:20-cv-03985-KPF |
| -against- | 1:20-cv-03990-KPF |
| CITY OF NEW YORK and KISA SMALLS, | |
| Defendants. | **MOTION FOR PRELIMINARY INJUNCTION** |

------------------------------------------------------------------x

Plaintiffs respectfully move this Court, pursuant to Fed. R. Civ. P. 65, U.S. Const. amend XIV, 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, for a preliminary injunction[1] commanding Defendant City of New York to implement the following safety protocols:

(a) Make alcohol-based hand sanitizer available to detainees except to detainees who have demonstrated a particularized threat of misuse;

(b) Provide detainees sanitary wipes (such as Clorox or Lysol or equivalent wipes), or alternately disposable cloths with sufficient sanitizer;

(c) Implement a daily testing regime among staff following reasonable public health standards to detect and trace COVID-19; and

---

[1] Although Plaintiffs have not yet moved for class certification, this Court need not rule on a class certification motion or formally certify a class in order to issue the requested emergency relief. *See, e.g.*, Newberg on Class Actions § 24:83 (4th ed. 2002) ("The absence of formal certification is no barrier to classwide preliminary injunctive relief."); Moore's Federal Practice § 23.50, at 23-396, 23- 397 (2d ed.1990) ("Prior to the Court's determination whether plaintiffs can maintain a class action, the Court should treat the action as a class suit.").

(d) Require enforcement of the staff mandate to wear face masks, including taking disciplinary action against staff who fail to follow the mandate; and

(e) Any other and/or further measures the Court deems appropriate.

As set forth in the accompanying Memorandum of Law in Support, Plaintiffs have satisfied the necessary elements to obtain a preliminary injunction at this stage. Plaintiffs respectfully request oral argument and/or a hearing on the motion.

Dated: January 22, 2021

Respectfully submitted,

KEENAN & BHATIA, LLC

By: ___/s E.E. Keenan_____

Edward (E.E.) Keenan
90 Broad Street, Suite 200
New York, NY 10004
Tel: (917) 975-5278
ee@keenanfirm.com

and

Sonal Bhatia (pro hac vice forthcoming)
929 Walnut Street, Suite 5107
Kansas City, MO 64106
Tel: (816) 809-2100
sonal@keenanfirm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify service of the foregoing by filing it through the Court's CM/ECF system, which will simultaneously transmit notice to all case participants through their counsel of record on the date of filing.

                                              By: ___/s/ E.E. Keenan_____
                                                  An Attorney for Plaintiffs