# KEENAN & BHATIA, LLC

| | |
|---|---|
| 90 Broad Street, Suite 200 | 929 Walnut Street, Suite 5107 |
| New York, NY 10004 | Kansas City, MO 64106 |
| Tel: (917) 975-5278 | Tel: (816) 809-2100 |

www.keenanbhatia.com

**BY CM/ECF**

February 18, 2021

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York

> RE: *Azor-El, et al. v. City of New York, et al.*, 1:20-cv-03650-KPF (and related cases)
> Issues Discussed at Oral Argument

Dear Judge Failla:

This firm represents various Plaintiffs in this pending set of related and consolidated cases regarding conditions at Rikers Island. We write this letter to follow up on several matters discussed at last week's argument.

### *Rikers Deaths in Custody*

During oral argument, the Court inquired about the rate of deaths in Rikers. So far, there have been three deaths from COVID-19, according to the most recent weekly report, issued yesterday, from the Board of Correction, at page 13. For the Court's convenience, a copy is attached, but it can also be accessed electronically at this link:

https://www1.nyc.gov/assets/boc/downloads/pdf/covid-19/BOC-Weekly-Report-02-06-02-12-21.pdf

Plaintiffs are concerned that these death totals may be underinclusive because people may die after leaving custody, or their deaths may be attributed to underlying conditions other than COVID-19, even though COVID-19 is a precipitating factor.

As the Board of Correction notes on page 13 of this report, at footnote 4: **"The number of CHS patient deaths does not include patients who may have been diagnosed and treated while in custody and died post-release."**

Plaintiffs understand there have been at least a few instances in which someone was "discharged" from custody at the CHS/DOC's Bellevue Prison Hospital Ward, moved to another part of the hospital, and then died shortly thereafter, and that those people are not included in the total. Plaintiffs welcome any information the City can provide.

*Collective Bargaining*

During oral argument and in the briefing, the parties touched on the issue of a testing regime and whether collective bargaining impacts that, and the litigation of the repeal of N.Y. Civ. Rights Law § 50-a. This week, the Second Circuit issued its decision affirming this Court's decision in *Uniformed Fire Officers Ass'n v. de Blasio*. A copy of the Second Circuit's decision is attached. On the point of whether collective bargaining agreements yield to legal obligations, the Second Circuit held: "the NYPD cannot bargain away its disclosure obligations." (Slip Op., at 9.)

*Soap*

The parties discussed with the Court the availability of soap. Plaintiff Maurice Barnar, who is in NIC, has informed counsel that he has access now to hand soap, but that the day after last week's oral argument, Rikers removed access to cleaning supplies for floors and bathrooms and locked them in a closet. Plaintiffs are awaiting a status update on soap availability in Rikers more generally. Inmates in other units of Rikers had reported a lack of soap before the hearing. Plaintiffs are concerned about the timing of the locking away of cleaning supplies and whether there is any element of retaliation.

*Citations*

At oral argument, Plaintiffs mentioned several cases not cited in the briefs. These cases are:

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("In certain instances, a physician may be deliberately indifferent if he or she consciously chooses 'an easier and less efficacious' treatment plan.")

*Brown v. Plata*, 563 U.S. 493 (2011) (discussing special masters, receivers, and consent decrees as possible remedies)

*Rodriguez v. Manenti*, 606 F. App'x 25 (2d Cir. 2015) (following *Chance*)

In addition, Plaintiffs wish to cite the U.S. Supreme Court's decision in *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("the Eighth Amendment protects against future harm to inmates").

*Order Regarding Medical Records*

Finally, the parties are in the process of conferring about an agreed order to submit to the Court on medical records; we believe we may be ready to submit an order tomorrow.

We thank the Court for considering these matters.

Respectfully submitted,

KEENAN & BHATIA, LLC

 By:   /s/ Sonal Bhatia & E.E. Keenan
Attorneys for Plaintiffs                              Cc: Counsel of Record (by ECF)