

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

March 3, 2021

*Via ECF*

The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

> Re: <u>Azor-El, *et al.* v. City of New York, *et al.*</u>, Case Nos. 20 CV 3650, 20 CV 3978, 20 CV 3980, 20 CV 3981, 20 CV 3982, 20 CV 3983, 20 CV 3985, and 20 CV 3990

Dear Judge Failla:

      We represent the Defendants in the above-referenced consolidated actions and write in response to the Court's direction to meet and confer about the scope and scheduling of the expedited and targeted discovery concerning the two fact questions arising out of Plaintiffs' motion for a preliminary injunction. As Your Honor will recall, the two issues are (1) whether the requirement that staff must wear masks is being enforced and (2) whether adequate sanitary supplies are in fact available to the inmates. While we continue to have productive conversations about the various facets of discovery, we are unable to agree on the outside time period of the discovery: Plaintiffs seek a 45-day discovery period and Defendants believe that a 60-day period is more appropriate. We present our positions below for resolution by the Court:

**<u>Plaintiffs' Position</u>**

      The Court has directed targeted, expedited discovery on two issues of key importance to health and safety at Rikers Island. In light of the focus of this discovery, and the threat to life and health posed by the pandemic, a close of this phase of discovery on Monday, April 19, 2021, is appropriate.

The anticipated discovery includes written discovery requests (including videos) as well as additional depositions. The anticipated depositions will consist of several 30(b)(6) witnesses focused on the topics the Court has designated, as well as individual fact witnesses who can testify to mask compliance and sanitation inside Rikers, and possible short depositions of Defendants' declarants in the preliminary injunction motion. We anticipate most fact witnesses' depositions will take an average of 15-20 minutes apiece. The document requests will be focused, and we do not anticipate they will pose significant burden. If they do, as with any discovery issue, we will meet and confer with the City and try and work out a plan together.

The parties have discussed the timeframe for responses to written discovery requests. Given the expedited nature of this discovery period, Plaintiffs request that any responses to written discovery stating any objections or agreements to produce be made within two weeks, though the parties have agreed to a "rolling production" of documents. The timeframe for actual responses is needed to see if there are any areas of objection to bring to the Court; if Plaintiffs do not receive responses until 30 days after service, most of the discovery period could be elapsed by the time Plaintiffs know if the City is objecting to any requests.

While Defendants make an issue of the extent of discovery and the number of anticipated depositions, we believe the depositions and documentary discovery will be far more narrow than in a typical case. We will be focused on just the issues the Court has laid out. By way of comparison, Patricia Feeney's deposition – which covered a broad-ranging scope of issues – lasted about three hours. Plaintiffs' counsel believe that they have kept discovery efficient, and are committed to continuing to do so.

Defendants also appear to make an issue below of the fact that new paper discovery requests have not been served yet. Plaintiffs are surprised the City is complaining about this. The parties have been informally conferring about how to plan discovery before launching new requests, and Plaintiffs have already discussed some of the major areas of anticipated document requests so that Defendants can start collecting them. The parties are already preparing to discuss search terms, custodians, and areas of potential documents. In short, while no formal requests have been served, second-phase document discovery has already effectively commenced. Plaintiffs' counsel have faced the additional challenge of not being able to communicate easily with their clients at Rikers due to changes in attorney-client communication policies. The fact that Plaintiffs have been working with Defendants to plan discovery and make it efficient should not be a cause for unnecessary delay, and should not be a cause for the City to cast blame.

Despite what might seem like stark differences in some of the letters the parties have filed with the Court, counsel for all parties have been working together collaboratively and collegially, and we anticipate that will continue. The tenor of today's meet-and-confer conference was friendly, courteous, and productive.

Discovery for the case will certainly take work and close coordination, but the importance of the issues makes that necessary. Undue delay could undermine the entire point of expedited discovery. If discovery becomes more complex than manageable, Plaintiffs will confer with Defendants in good faith and try to come up with a workable plan. But at this juncture, the parties should try to move this along on a quick path, and if unable, cross that

bridge then. A date approximately 45 days from now – Monday, April 19, 2021 (which is actually 47 days from now) is workable, and Plaintiffs respectfully request that the Court adopt that schedule.

If the Court finds it helpful, Plaintiffs also suggest that the Court set several status conferences (perhaps every other week) during this phase of discovery so that the parties can orally update the Court on the status of discovery and bring any challenges to the immediate attention of the Court. The parties are also working collaboratively through various proposed protective orders and an order regarding medical records for the Court's review, and anticipate having those to the Court promptly.

**Defendants' Position**

We believe Plaintiffs' expectations regarding the feasibility of discovery in an abbreviated timeframe are unrealistic. Admittedly, Plaintiffs have not yet provided us with their demands, and the appropriate timeframe for the completion of discovery will likely depend on the breadth of those forthcoming demands. As a preliminary matter, however, we have agreed that within two weeks of receipt of Plaintiffs' demands, we will advise Plaintiffs of what can be promptly produced, what will need more time, and whether we foresee other issues that may require judicial intervention. At the same time, we will produce unobjectionable and non-privileged responsive documents as they become available to us on a rolling basis.

Above, Plaintiffs request that we be ordered to respond to their discovery demands within 14 days. We are surprised at this request because at our 'meet and confer' today, we agreed to an informal two week response in which we would provide an early assessment of what documents could be produced quickly, which would need more time, and highlight any significant disagreements so that we could begin discussions of those areas and be able to seek Court intervention as needed. We believe the Federal Rules of Civil Procedure should be respected and request that this application be denied, with the understanding that Defendants will honor their proposal of an informal response that should address Plaintiffs' concerns.

One discrete and potentially major issue will be Plaintiffs' requests for video footage from various as-yet unspecified jails on Rikers Island. Because this case has not yet been certified as a class action, we are not sure of the relevance of footage from facilities other than the North Infirmary Command, where the three inmates whose declarations prompted this targeted discovery are presently housed; however, we will review Plaintiffs' formal request on this front when it is made and evaluate Defendants' position at that time. In addition, we will need to investigate how much time and expense will be necessary to collect and produce any footage requested.

The next potentially major issue is ESI, as Plaintiffs anticipate seeking email discovery from a number of custodians; we plan on exchanging search terms tomorrow. Even restricted to the two topic areas identified by the Court, however, further investigation on this front may reveal a volume of potentially responsive material that will prove challenging to collect, review, and produce in an expedited fashion.

As to depositions, Plaintiffs advised us that they will want 30(b)(6) depositions of representatives of non-parties New York City Health + Hospitals/Correctional Health Services and the New York City Board of Correction. Plaintiffs additionally want a further deposition of Deputy Commissioner Feeney and perhaps of Vice President Patsy Yang, along with approximately ten shorter depositions of as-yet unidentified inmates.

To accomplish this in even 60 days will be a significant undertaking, but we do not believe that 30 days for documentary discovery and 30 days for depositions is wholly unrealistic. Thus, Defendants respectfully request that the parties be given 60 days following Defendants' receipt of Plaintiffs' discovery demands to complete discovery.

The parties thank the Court for its attention to this matter.

    Respectfully yours,

    /s/ David S. Thayer

    David S. Thayer
    Chlarens Orsland
    *Assistant Corporation Counsel*

cc:    ***Via ECF***
      E.E. Keenan, Esq.
      Keenan & Bhatia, LLC
      90 Broad Street
      Ste. 200
      New York, NY 10004
      *Counsel for Plaintiffs*