UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JEAN AZOR-EL, et al.,

    Plaintiffs,                                    Case No. 1:20-cv-03650-KPF

    -against-

CITY OF NEW YORK, et al.               **ORDER TO PRODUCE AND**
                                                    **QUALIFIED PROTECTIVE**
    Defendants.                          **ORDER UNDER HIPAA**

------------------------------------------------------------------x

        The Court ORDERS that the New York City Health + Hospitals' Correctional Health Services unit, 55 Water Street, 18th Floor, New York, NY ("CHS") produce to counsel for the parties—(1) Keenan & Bhatia, LLC, 90 Broad Street, New York, N.Y. 10004, via protected email (ee@keenanfirm.com) and (2) James E. Johnson, Corporation of the City of New York, 100 Church Street, New York, N.Y. 10025, via protected email (dthayer@law.nyc.gov)—the medical records (other than mental health records, substance use disorder treatment records, and HIV records) concerning treatment rendered at any correctional facility from January 1, 2019 to present of the following persons:

        Jean Azor-El, B&C No. 441-19-05123

        Maurice Barnar, B&C No. 895-19-00337

        Ronnie Cole, B&C No. 980-19-00423

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual; and (d) all or part of any medical record, including but not limited to any narrative portions thereof.

2. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiffs solely for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. The information shall be used solely for this case and shall not be disclosed to any person whose involvement is not necessary to this action; specifically, it shall not be disclosed to any District Attorney's office, DOCCS, other prosecuting agency, or law enforcement agency.

3. Prior to disclosing any Plaintiffs' protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving a Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

4. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information

received from counsel pursuant to this Order, shall return Plaintiff's protected health information to CHS or destroy any and all copies of protected health information pertaining to any Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

     5.     Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

     6.     Any person receiving these records shall be bound by this Order, and counsel shall ensure that any such person, with the exception of persons directly employed by counsel or their law firm, executes a copy of the Acknowledgment set forth with this Order, and shall retain a copy for inspection if needed. All persons receiving this information shall be informed of this order.

     7.     Any filing with the Court that references protected health information shall be made under seal and is hereby designated sealed; any party filing a document under seal shall file a redacted version for public view with reasonable promptness after the filing of the sealed version.

```
The Clerk of Court is directed to docket this Order in case numbers
20-cv-3650, 20-cv-3978, 20-cv-3980, 20-cv-3981, 20-cv-3982,
20-cv-3983, 20-cv-3985, and 20-cv-3990.

Dated:    March 9, 2021                SO ORDERED.
          New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

JEAN AZOR-EL, et al.,

    Plaintiffs,   Case No. 1:20-cv-03650-KPF

    -against-

CITY OF NEW YORK, et al.   **ORDER TO PRODUCE AND**
      **QUALIFIED PROTECTIVE**
    Defendants.   **ORDER UNDER HIPAA**

------------------------------------------------------------------x

## ACKNOWLEDGMENT

I have read this Court's Order to Produce and Qualified Protective Order Under HIPAA, and understand and agree that I am bound by its provisions.

Dated: _____   _____

    Signature

    _____

    Printed Name